IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TERRY BAKER AND CALVIN BAKER, ) ) ) Plaintiffs, ) ) v. ) WAL-MART STORES EAST, LP, ) ) Defendant. ) | CIVIL ACTION FILE NO. 2:20-cv-00082-LGW-BWC |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW Defendant Wal-Mart Stores East, LP ("Defendant" or "Walmart") and files this Brief in Support of Motion for Judgment on the Pleadings.

## INTRODUCTION

Plaintiff Terry Baker was an employee of Defendant who allegedly suffered a stroke on July 10, 2018 while working at Defendant's store in Brunswick, Georgia. Plaintiffs allege that Ms. Baker was on her lunch break on the Defendant's premises at the time of the stroke, and the stroke was exacerbated by Defendant's employees' alleged failure to render aid or contact emergency medical services. Plaintiffs assert claims against Defendant for negligence, vicarious liability, negligent training and supervision, and loss of consortium. Because the

1

alleged exacerbation of Ms. Baker's stroke occurred in the course of her employment and arose out of her employment with Defendant, Plaintiffs' claims are barred by the exclusive remedy doctrine of the Georgia Workers Compensation Act. The Court should grant Defendant judgment on the pleadings on all claims of Plaintiff.

## STATEMENT OF THE CASE

Plaintiffs filed suit in this action in the Superior Court of Glynn County on June 19, 2020. (Doc. 1-1). Defendant timely answered and removed the case to this Court on August 7, 2020. (Doc. 1). Jurisdiction and venue are not contested. (Doc. 6, p. 2).

Plaintiffs' Complaint alleges the following facts pertinent to the Motion for Judgment on the Pleadings[1]:

Plaintiffs allege that on July 10, 2018 Plaintiff Terry Baker was an employee of Defendant's Walmart Store located at 150 Altama Connector, Brunswick, Georgia (the "Store"). (Doc. 1-1, ¶ 5). While on lunch break but on the Store premises, Ms. Baker allegedly suffered a stroke with associated weakness, loss of awareness, and twitching in her face. (Doc. 1-1, ¶ 6). Plaintiffs allege that an unidentified manager of Defendant called Calvin Baker, Ms. Baker's husband, and advised him of Ms. Baker's symptoms. (Doc. 1-1, ¶ 6). Mr. Baker allegedly

---

[1] Defendant denies and disputes many of these alleged facts as set forth in its Answer, but takes them as true solely for the purposes of this Motion.

2

informed the manager that he was two hours away and requested that Defendant's associates call 911, but no associate allegedly did so. (Doc. 1-1, ¶¶ 6-7). Mr. Baker allegedly arrived at the Store two hours later and found Ms. Baker incoherent, confused, unresponsive, and disfigured. (Doc. 1-1, ¶ 8). Mr. Baker then drove Ms. Baker to the emergency room at the local hospital for treatment. (Doc. 1-1, ¶ 9).

Plaintiffs' Complaint alleges that Ms. Baker's treatment for her stroke was delayed due to Defendant's associates' negligent failure to provide aid to Ms. Baker or call for emergency services. (Doc. 1-1, ¶¶ 10, 12, 14-15). Plaintiffs allege that the individuals who failed to exercise care for Plaintiff were acting within the course and scope of their employment with Defendant at all applicable times. (Doc. 1-1, ¶¶ 18-19). As a result of the alleged failure to act, Plaintiffs contend that Ms. Baker suffered physical pain and discomfort and a "severe exacerbation" of her injuries. (Doc. 1-1, ¶ 10, 16). Plaintiffs do not contend that Defendant or Defendant's associates caused Ms. Baker's stroke. (Doc. 1-1).

Plaintiffs' Complaint asserts claims for negligence (Count I), vicarious liability (Count II), negligent training and supervision (Count III), and loss of consortium (Count IV). (Doc. 1-1). All claims are based upon Defendant's associates' alleged failure to render aid or call emergency services to provide aid to Ms. Baker. (Doc. 1-1). Plaintiffs allege that Defendant and Defendant's associates

had a nondelegable duty to render aid and/or call emergency services because Plaintiff was an employee of Defendant and on Defendant's premises at the time of the stroke. (Doc. 1-1, ¶ 14).

Because the alleged exacerbation of Ms. Baker's injuries occurred in the course of and arose out of her employment, Plaintiffs' claims are barred by the exclusive remedy doctrine of the Georgia Workers' Compensation Act. (entire record of action). Defendant should be granted judgment on the pleadings and discharged from this action.

## ARGUMENT AND CITATION OF AUTHORITY

### I.  Standard of Review

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The pleadings are closed when a complaint and an answer are filed. *Lillian B. ex rel. Brown v. Gwinnett County School District*, 631 Fed. Appx. 851, 853 (11th Cir. 2015). "Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law." *Jones v. NordicTrack, Inc.*, 236 F.3d 658, 660 (11th Cir. 2000). "The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b) (6) motions to dismiss are the same." *United States ex rel. Dixie Communications Systems, Inc. v. Travelers Casualty*

*and Surety Company of America*, 2020 WL 2374230 at 3 (S.D. Ga. 2020).

"[W]hen considering a motion for judgment on the pleadings, the Court must accept as true all material facts alleged in the non-moving party's pleading, and ... view those facts in the light most favorable to the non-moving party." *Id*, *citing Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

## II.     Plaintiffs' claims are barred by the exclusive remedy doctrine of the Georgia Worker's Compensation Act.

The Georgia Workers Compensation Act "is designed to provide for relief to injured employees, while also protecting employers from excessive recoveries of damages." *Savannah Hospitality Services, LLC v. Scriven*, 350 Ga. App. 195, 197 (2019), *citing*, *DeKalb Collision Center v. Foster*, 254 Ga. App. 477, 483 (2002). The Act should be liberally construed to effectuate its purpose. *Scriven* at 197.

The Act contains an exclusive remedy provision that reads as follows:

"The rights and the remedies granted to an employee by this chapter shall exclude and be in place of all other rights and remedies of such employee, his or her personal representative, parents, dependents, or next of kin, and all other civil liabilities whatsoever at common law or otherwise, on account of such injury, loss of service, or death…"

O.C.G.A. § 34-9-11(a).  "[W]here the Act applies, it provides the employee's exclusive remedy against his employer and precludes recovery on a tort claim by an injured employee against his employer." *Scriven* at 197; *citing*, *Teasley v. Freeman*, 305 Ga. App. 1, 2 (2010).   This is true even when the employer's

5

negligence contributes to the employee's injuries. *Georgia Department of Human Resources v. Joseph Campbell Company*, 261 Ga. 822 (1992). "[I]t has been held repeatedly that OCGA § 34–9–11 grants the injured employee's employer statutory immunity from suit by the employee to recover damages other than workers' compensation benefits…regardless whether that statutory employer had actually paid the workers' compensation benefits." *Saxon v. Starr Indemnity & Liability Company*, 339 Ga. App. 495, 497 (2016). "[W]here the Act applies, the exclusive remedy provision not only prevents the injured employee from bringing a tort claim against the employer, but also prevents a tort claim against any co-employees of the same employer." *McLeod v. Blase*, 290 Ga. App. 337, 338-39 (2008). Loss of consortium claims are derivative of the injured party's tort claims and also are barred the exclusive remedy doctrine. *Dickey v. Harden*, 202 Ga. App. 645, 646 (1992).

"For a cause of action to be covered by the exclusivity provision, and for an injury to be compensable under the Act, the employee's injury must (a) occur in the course of the employment, and (b) arise out of the employment." *Scriven* at 198; *citing* O.C.G.A. § 34-9-1; *see also*, *Frett v. State Farm Employee Workers Compensation*, 844 S.E.2d 749, 752 (Ga. 2020) (noting that the Act "provides for compensation for injuries that occur in the course of employment and arise out of employment"). The "arising out of" and "in the course of" prongs are the two

prerequisites to coverage under the Act and are separate and distinct. *Frett* at 752. These two prerequisites have remained unchanged since the adoption of the Workers Compensation Act in 1920. *Frett* at 752. The Court should address each prerequisite separately to determine if a claim falls under the Act. *Id*.

Here, under Georgia law, the alleged exacerbation of Ms. Baker's stroke occurred in the course of her employment and arose out of her employment with Defendant. Thus, the exclusive remedy doctrine bars Plaintiffs' claims. Defendant should be granted judgment on the pleadings and should be discharged from this action.

### a. Plaintiff Terry Baker's injury occurred within the course of her employment with Walmart.

"An injury arises 'in the course of' employment when it occurs within the period of the employment, at a place where the employee may be in performance of her duties and while she is fulfilling or doing something incidental to those duties." *Frett* at 752; *citing*, *Hennly v. Richardson*, 264 Ga. 355, 356 (1994). "This statutory prerequisite "relates to the time, place, and circumstances under which the injury takes place." *Frett* at 752. Injuries occur in the course of an employee's employment not only if sustained while the employee is working but also include "injuries sustained when the employee is engaged in activities 'incidental' to her assigned work." *Id*. "Incidental activities…include the employee reasonably

7

attending to routine personal needs, such as eating a meal or using the restroom." *Id.* The fact that an employee is not paid for her lunch is not determinative in whether the employee was in the course of her employment. *Id* at 753. The lack of payment might be important to a finding that the employee was no longer acting in the course of her employment, "where the nature and timing of the employee's activity at the time of the injury are only tenuously connected to her usual work hours or work-related activities." *Id*. However, the Court's focus should be "on the nature of the employee's activity at the time of the injury, not whether she was paid for it or was free to do something else." *Id*.

In *Frett,* an employee on her lunch break was injured when she slipped and fell exiting an employee breakroom as she headed outside to eat. *Frett* at 751. The Superior Court and Court of Appeals affirmed a denial of benefits to the claimant finding that she was attending to a personal matter on her lunch break "when she was free to do as she pleased". *Frett* at 751-52. The Supreme Court reversed the Court of Appeals holding that the Plaintiff's activity on her lunch break was "reasonably necessary to sustain her comfort at work, was incidental to her employment and is not beyond the scope of compensability under the Act." *Frett* at 753. The Supreme Court noted that this was "not such a close case" as the claimant was at her work place, on a lunch break and using the time to prepare

8

lunch, and plaintiff did not use the time "to run some personal errand". *Frett* at 754.

This case is similar to *Frett* and clearly falls within the purview of the Act. Plaintiffs' Complaint alleges that Ms. Baker was an employee of the Store, was working on the date of the injury, and remained on the Store's premises on her lunch break.  While on lunch break, Ms. Baker allegedly suffered a stroke and spoke and/or interacted with Defendant's associates while allegedly showing signs of the stroke.  Plaintiffs allege these associates were then negligent in failing to render aid or call emergency services.  Plaintiffs allege that Defendant's employees that interacted with her did so in their capacity as employees of Defendant and were within the course of their employment.   Plaintiffs further allege that Defendant's nondelgable duty to Ms. Baker to render aid were due to the employer/employee relationship.  Plaintiffs make no allegation that Ms. Baker left the store to run a personal errand, or that Ms. Baker was engaged in any other activity that was not "incidental" to her employment.  In fact, Plaintiffs allege the opposite – that Ms. Baker remained on the Store's premises when the injury occurred.

Plaintiffs make one specific allegation of negligence against Defendant's employees: in the course of their employment with Walmart, they noticed Ms. Baker having a stroke and failed to render aid or call emergency services.  This

9

belies any allegation of a personal errand or any other activity not "incidental" to Ms. Baker's employment. While on their lunch break, employees regularly interact with other employees, who are both on and off the clock. Such interactions may directly relate to employment such as discussions related to work previously performed or to be performed, or indirectly relate to employment such as general collegial conversation that promotes harmony and a cordial work environment. Such communication and interaction indicates that Ms. Baker is engaged in conduct "incidental" to her employment, especially since Plaintiffs allege that those employees interacting with Ms. Baker were doing so in the course of their employment.

Further, Plaintiffs rely specifically on the alleged employer/employee relationship between Defendant and Ms. Baker to find a duty to render aid in the first place. Paragraph 14 of Plaintiffs' Complaint alleges as follows:

> "Plaintiff was an employee of Defendant and on Defendant's premises at the time of the stroke; therefore, Defendant had a non-delegable duty to render aid and/or seek emergency medical assistance based upon the employer/employee special relationship <u>that existed at the time of the stroke</u>."

(Doc. 1-1, ¶ 14) (emphasis added). Plaintiffs should not be able to rely on an employer/employee relationship to find a duty to act while at the same time claiming the exacerbation of Plaintiff's stroke did not arise in the course of her employment.

Georgia Courts have previously found an employee who suffered a stroke on the employer's premises was engaged in conduct in the course of his employment and related tort claims were barred by the exclusive remedy doctrine. *See, Bryant v. Wal-Mart Stores, Inc.*, 203 Ga. App. 770 (1992) (affirming summary judgment based on exclusive remedy doctrine on wrongful death claims for alleged delays in treatment after the decedent suffered a stroke). Here, Plaintiffs allege Ms. Baker was an employee of Defendant and on Defendant's premises taking a lunch break when she suffered a stroke. Plaintiffs allege Ms. Baker interacted with Defendant's associates acting in the course of their employment. Plaintiffs allege that Ms. Baker was on the Store premises and do not allege she left the premises to run a personal errand or otherwise engage in conduct not "incidental" to her employment. Under Georgia law, Ms. Baker was engaged in activities in the course of her employment and any claims for compensation are governed by the Georgia Workers Compensation Act.

      **b.**     **Plaintiff's claims arose out of her employment with Walmart.**

In order for Plaintiffs' claims to be barred by the exclusive remedy doctrine, they must occur in the course of Plaintiff's employment and "arise out of" Plaintiff's employment.

> "The 'arising out of' prerequisite deals with causation. An injury arises out of the employment when a reasonable person, after considering the circumstances of the employment, would perceive a causal connection between the conditions under which the employee must work and the resulting injury."

*Frett* at 754. "[T]here must be some causal connection between the conditions under which the employee worked and the injury which he received. The causative danger must be incidental to the character of the employment, and not independent of the relation of master and servant." *Id*; *quoting*, *Thornton v. Hartford Acc. & Indemnity Company*, 198 Ga. 786, 792-93 (1945).

The Georgia Court of Appeals recently made clear that an exacerbation of an injury occurring due to an employer's alleged failure to render aid is an injury "arising out of" an employment. In *Scriven*, the employee was injured in an automobile accident. *Scriven* at 424. The employee filed suit against his employer alleging that he was denied medical coverage and medical care and that the delay in medical care exacerbated his injuries. *Id.* The trial court denied the employer's motion to dismiss based upon the exclusive remedy doctrine. *Id*. The Court of Appeals reversed finding the employee's claims for exacerbation of injuries arose out of the employee's employment. *Id* at 424-25. The Court of Appeals noted that "[i]f employment contributes to aggravation of a pre-existing injury, it is an accident under our compensation law, and is compensable, and it is not necessary that there be a specific job-connected incident which aggravates the previous

injury." *Id* at 426.   The Court concluded that "the injury arose out of the employment, as there was a causal connection between [the employee's] job and exacerbation of the injury due to [the employer's] alleged denial of access to care." *Id*.

This action is nearly identical to *Scriven*.   Plaintiff Terry Baker was on Defendant's premises due to her work as an employee.   She was on her lunch break and interacting with other Walmart employees, who she alleges were negligent in failing to render her aid or call emergency medical services.   She would not have been on the premises or interacted with Defendants' employees, but for her work as a Walmart employee.   There is a direct causal connection between her employment and the alleged denial of access of medical care to Ms. Baker.   As such, her alleged injuries "arise out of" her employment with Defendant and are barred by the exclusive remedy doctrine of the Georgia Workers Compensation Act.   Defendant should be granted judgment on the pleadings.

## CONCLUSION

Plaintiffs assert claims for negligence, vicarious liability, negligent training and supervision, and loss of consortium arising out of the alleged exacerbation of injuries to Plaintiff Terry Baker after she suffered a stroke at the Defendant's Store.   Because the injury giving rise to Plaintiffs' claims occurred in the course of and arising out of Plaintiff Terry Baker's employment with Defendant, the claims

are barred by the exclusive remedy doctrine of the Georgia Workers Compensation Act. Defendant should be granted judgment on the pleadings as to all claims of Plaintiffs and should be discharged from this action.

This 29th day of September, 2020.

McLAIN & MERRITT, PC

                                  */s/ Ernest L. Beaton, IV*
                                  Ernest L. Beaton, IV
                                  GA Bar No. 213044
                                  Attorney for Defendant

3445 Peachtree Road, NE
Suite 500
Atlanta, GA 30326
(404) 266-9171
ebeaton@mmatllaw.com

CERTIFICATE OF SERVICE

This is to certify that on this day I electronically filed DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON PLEADINGS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

This 29th day of September, 2020.

                                              McLAIN & MERRITT, PC

                                              */s/ Ernest L. Beaton, IV*
                                              Ernest L. Beaton, IV
                                              GA Bar No. 213044
                                              Attorney for Defendant

3445 Peachtree Road, NE
Suite 500
Atlanta, GA 30326
(404) 266-9171
ebeaton@mmatllaw.com