## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION



TERRY BAKER AND
CALVIN BAKER,

    Plaintiffs,

                       CIVIL ACTION NO: 2:20-cv-00082-LGW-BWC

v.

WAL-MART STORES EAST, LP,

    Defendant.

## PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW, Terry and Calvin Baker, the Plaintiffs in the above-styled action, who through their undersigned Counsel, files their response in opposition to Defendant Wal-Mart Stores East, LP's Motion for Judgment on the Pleadings.

## INTRODUCTION

Plaintiffs' Complaint arises from an incident that took place on July 10, 2018 at Defendant Wal-Mart Stores East, LP's (hereinafter "Defendant") Store located in Brunswick, Georgia. Plaintiff Terry Baker (hereinafter "Plaintiff Terry") was an employee at said store. While on her lunch break, Plaintiff Terry suffered a stroke while still on Defendant's premises. None of Defendant's employees called 911 despite the numerous requests to call for the requested emergency medical assistance for Plaintiff Terry. As a direct result of the delay, Plaintiff Terry suffered traumatic and permanent physical and psychological injuries.

Defendant contends in its motion that the stroke occurred in the course of Plaintiff Terry's employment and arose out of her employment with Defendant; therefore, the claims are barred by the exclusive remedy doctrine of the Georgia Worker's Compensation Act. Plaintiffs will concede

the first prong of the analysis stating that Plaintiff Terry was in the course of her employment, but we deny that the injury arose out of her employment.  Being that both prongs have to be satisfied and there has been no evidence to establish that the injury arose out of the employment, these claims are without merit and should be denied.

## STATEMENT OF FACTS

On July 10, 2018 Plaintiff Terry was an employee of Defendant's store located at 150 Altama Connector, Brunswick, Georgia 31525 (hereinafter "the Store").  (Complaint, ¶5, ECF No. 1-1).  While on lunch break at said location, Plaintiff Terry suffered a stroke, which caused her to become weak, lose awareness, and caused twitching in portions of her face. (Compl. ¶ 6, ECF No. 1-1).  Plaintiff Terry's manager, an employee of Defendant, called Plaintiff Terry's husband, Plaintiff Calvin Baker (hereinafter "Plaintiff Terry"), who advised the manager that he was over two hours away and that they needed to call 911 immediately.  (Compl. ¶ 6, ECF No. 1-1).  Despite saying that they did call 911, none of Defendant's employees ever called 911 for the requested emergency medical assistance for Plaintiff Terry.  (Compl. ¶ 7, ECF No. 1-1).  A couple of hours later, Plaintiff Calvin arrives at the Defendant's store to find Plaintiff Terry incoherent, confused, unresponsive and disfigured. (Compl. ¶ 8, ECF No. 1-1).  It was at this time, Plaintiff Calvin takes Plaintiff Terry to the emergency room.  (Compl. ¶ 9, ECF No. 1-1).  As a direct result of Defendant's failure to call for emergency medical assistance, Plaintiff suffered traumatic and permanent physical and psychological injuries, including but not limited to injuries such as severe loss of motor functions and impaired speech.  (Compl. ¶ 10, ECF No. 1-1).  Much of Plaintiff Terry's injuries were the due to the lengthy delay in treatment caused by Defendant's and its employee(s) refusal to call 911 emergency services; all of which caused Plaintiff to suffer physical pain and discomfort which will continue into the future. (Compl. ¶ 10, ECF No. 1-1).

Plaintiffs' Complaint asserts claims for negligence against Defendant (Count I), vicarious liability (Count 2), negligent training and supervision (Count 3); and loss of consortium for Plaintiff Calvin

## ARGUMENT AND LEGAL AUTHORITY

### I.   Standard of Review

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (quotation marks omitted) (quoting Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001) ). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." Id. (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) ). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." Id. (citing Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956) ).The Plaintiff is to be given the benefit of all reasonable doubt and the benefit of all favorable inferences that may be drawn from the evidence. *Id.* If the Defendant is unsuccessful in discharging the Defendant's burden, the Plaintiff is not required to produce any counter evidence. *Guthrie v. Monumental Properties*, 141 Ga. App. 21, 232 S.E.2d 369 (1977). However, where the Defendant is successful in discharging the Defendant's burden, then the Plaintiff need only respond by enumerating proper evidence setting forth specific facts showing that there are genuine issues for trial in order to defeat the Defendant's Motion. *Burgess v. Clermont Properties*, 141 Ga. App. 112, 232 S.E.2d 627 (1977).

### II.   Exclusive remedy doctrine of the Georgia Worker's Compensation Act does not apply.

The Workers' Compensation Act provides for compensation for injuries that occur "in the course of" employment and "arise out of" employment. OCGA § 34-9-1 (4). These two prerequisites to compensation, which have remained unchanged since the original adoption of the Act in 1920, are "independent and distinct," and any claim for compensation under the Act must satisfy both prerequisites. Mayor & Aldermen of Savannah v. Stevens, 278 Ga. 166, 166 (1), 598 S.E.2d 456 (2004); New Amsterdam Cas. Co. v. Sumrell, 30 Ga. App. 682, 687, 118 S.E. 786 (1923).

Here, under Georgia Law, we concede that the injury occurred in the scope of her employment, but the injury did not arise out of her employment with Defendant. Being that both prerequisites have not been satisfied, the exclusive remedy doctrine of the Georgia Worker's Compensation Act does not apply.  Thus, Defendant's Motion for a Judgment on the Pleadings should be denied.

### a. Plaintiff Terry's injury occurred within the course of her employment with Walmart.

As stated in our pleadings, Plaintiff Terry suffered a stroke while on her lunch break on Defendant's premises.  (Compl. ¶ 6, ECF No. 1-1).  While some argument may have existed that she was on her lunch break and her injuries therefore were not considered in the course of her employment, that position, in all candor to the Court, is no longer viable in light of the Georgia Supreme Court's decision in Frett v. State Farm Employee. Workers' Comp., 844 S.E.2d 749 (Ga. 2020).  Plaintiff Terry concedes, for purposes of this motion, that, she no longer has a viable argument that at the time of her stroke that she was outside of the course of employment.

### b. Plaintiff Terry's injury did not arise out of her employment with Walmart.

In order for Plaintiff's claim to be barred by the exclusive remedy doctrine, the evidence must show that the injury "arises out of" Plaintiff's employment.  OCGA § 34-9-1 (4) states, in relevant part, "Injury…means only injury by accident arising out of and in the course of the employment and shall not…include a disease in any form except where it results naturally and unavoidably from the accident…Injury…shall not include…heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, stroke or thrombosis <u>unless</u> it is shown by a preponderance of the competent and credible evidence, which shall include medical evidence, that any of such conditions were attributable to the performance of the usual work of employment."

> "The 'arising out of' prerequisite deals with causation.  An injury arises out of the employment when a reasonable person, after considering the circumstances of the employment, would perceive a causal connection between the conditions under which the employee must work and the resulting injury."

<u>Frett</u>, at 754.  This prerequisite is further explained in <u>Thorton v. Hartford</u>:

> "The words arising out of mean that there must be some causal connections between the conditions under which the employee worked and the injury which he received.  The causative danger must be incidental to the character of the employment, and not independent of the relation of the master and servant.  The accident must be one resulting from a risk reasonably incident to the employment.  And a risk is incident to the employment when it belongs to or is connected with, what a workman has to do in fulfilling his contract of service."

<u>Thornton v. Hartford Acc. & Indemnity Company</u>, 198 Ga. 786, 792-93 (1945).

When analyzing whether or not exclusive remedy applies, you have to know what does and does not qualify as a compensable worker's compensation claim.  As stated in  OCGA § 34-9-1 (4), the qualifying injury shall not include a stroke, which is what we have in our case, UNLESS, it is shown by the preponderance of the evidence that the stroke was attributable to Plaintiff Terry's performance of her work.  In our case, there is no such evidence linking the stroke or the delay to her employment; therefore, the worker's compensation claim fails and exclusive remedy is not applicable.

The Georgia Court of Appeals recently found that an employee's stroke did not arise out of his employment; therefore, he did not have a compensable worker's compensation claim.  In Henry County Board of Education vs. Rutledge, 354 Ga.App. 643 (2020), Plaintiff suffered a stroke while at work.  The State Board of Worker's Compensation ("the Board") denied Rutledge's claim ruling that there was not sufficient proof that the stroke arose out of the course of his employment.  This court of appeals confirmed this ruling.

In Gardner v. Employers Mutual Liability Insurance Company, 139 Ga.App 107 (1976), Gardner had a heart attack and died while on the job.  Plaintiff provided expert testimony to try make the causal connection.  The Board held that the evidence was insufficient to show the deceased's heart attack did arise out of his employment.  The Georgia Court of Appeals agreed with the Board stating if an individual suffers a heart attack or stroke at work, it will not be compensable unless there is a causal connection between his work and the heart attack.

In H.M. Patterson & Sons v. Buelah V. Glover, 128 Ga.App. (1973), Glover suffered a stroke while on the job.  They presented evidence from his wife, co-workers and 4 doctors.  The court found that the only related activities which preceded the onset of the stroke was one hour of overtime and the upset of finding a damaged casket.  The Board denied worker's compensation benefits due to the fact the evidence was insufficient to show that the stroke did arise out of his employment.  The Georgia Court of Appeals agreed.

In Hansard v. Georgia Power Co., 105 Ga.App. 486 (1962), the employee died as a result of a heart attack.  The Board denied a claim by employee's widow for death benefits.  The court reiterated that "the mere fact that an employee suffered a fatal heart attack while working for his employer does not, in and of itself, require a finding that the attack was cause by exertion on the part of the employee in the course of his employment."  Id. The Georgia Court of Appeals agreed

with the Board and the Superior Court that evidence was insufficient to show that the heart attack did arise out of his employment.

Our case is different from these cases because we are arguing the opposite of what those plaintiffs/claimants are arguing. They argued that the stroke/heart attack that they suffered did arise out of their employment; therefore, they should be considered a compensable claim under the Worker's Compensation Act. The Courts in each of those cases clearly stated that you have to have sufficient medical evidence to make that casual link from the injury and its employment. There is no such evidence in our case; therefore, the second prerequisite has not been satisfied and Defendant's motion should be denied.

In its motion, Defendant cited the *Scriven* case to further its position that the stroke Plaintiff suffered did arise out of her employment. In <u>Savannah Hospitalitty Services, LLC v. Scriven</u>, 350 Ga.App. 195 (2019), the employee was injured in an auto accident while driving a company vehicle. The employee filed suit against his employer alleging that he was denied medical coverage and medical care over time and that the delay in medical care exacerbated his injuries. <u>Id</u>. At 424. The trial court denied the employer's motion to dismiss based upon the exclusive remedy doctrine. <u>Id</u>. The Court of Appeals reversed finding that the employee's claim for exacerbation of those injuries arose out of the employee's employment. <u>Id</u> at 424-425.

Our case is easily distinguishable from the *Scriven* case. The Court stated "As we have explained, 'aggravation by continued work of a previous injury is a new accident.'" <u>Id</u>. at 426-27. The stroke that Plaintiff Terry suffered is not an aggravation of a previous injury, nor was her injury aggravated by continued work. It is an idiopathic injury which happened instantly, naturally and unavoidably while on her lunch break and is completely unrelated to work. The Court went on to say "And the negligence of delaying medical treatment thereby exacerbating a prior

compensable injury is a form of accident that is covered by the Act." Id at 427. Two points here. One, we do not have an exacerbation of a prior injury. Two, we do not have a prior compensable injury as Scriven did in his case. Scriven's injury originated in an auto accident where he was in the course of employment and the injury arose out of employment; therefore, making it a compensable claim. Our injury did not arise out of employment, nor is there any evidence that the stroke was related; therefore, there is not a compensable claim. Lastly, the Court states "If employment contributes to aggravation of pre-existing injury, it is an accident under our compensation law, and is compensable…" Id. Again, Plaintiff Terry's employment did not in any way contribute to her idiopathic injury, nor was this an aggravation of a pre-existing injury. For these reasons, the ruling in *Scriven* should not be applicable to our case.

## CONCLUSION

Based on the arguments above, when considered with applicable case law, it is Plaintiff's assertion that Defendants' Motion for a Judgment on the Pleadings should be denied. The Defendants have not met their burden; therefore, the Plaintiffs are not required to produce any counter evidence. However, if the court finds Defendant did meet their burden, then the Plaintiff submits that they set forth specific facts showing that there are genuine issues for trial in order to defeat the Defendant's Motion. Plaintiff's injuries did occur in the course of employment, but it did not arise out of employment. Both prerequisites have not been satisfied; therefore, Defendant's Motion for a Judgment on the Pleadings must be denied.

It is important to note, this incident happened on July 10, 2018. The current case law at that time prevented a worker's compensation claim if the claimant was on their lunch break. Had we have brought a worker's compensation claim at that time, we would have been subject to possible sanctions and attorney's fees for bringing a frivolous suit. The Georgia Supreme Court

ruled on the *Frett* Case in June of 2020, which was outside of the window for the Plaintiff to be able to file a worker's compensation claim.  What the Defendant is trying to do now is leave my client without a remedy and to do so would be manifest injustice.

Respectfully submitted this ___10th___ day of November, 2020.

                                        **Farah & Farah, P.A.**

                                        BRADLEY S. ROBINSON
                                        Georgia Bar No. 769787
                                        *Counsel for Plaintiff*

11102 Abercorn Street, Unit A
Savannah, GA 31419
T: (912) 999-2075
F: (912) 999-2078
brobinson@farahandfarah.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

TERRY BAKER AND
CALVIN BAKER,

      Plaintiffs,

CIVIL ACTION NO: 2:20-cv-00082-LGW-BWC

v.

WAL-MART STORES EAST, LP,

      Defendant.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel in the foregoing matter with a copy

of **PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO**

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of Court via

CM/ECF, which automatically sends an electronic copy of same to all counsel of record as follows:

Ernest. L. Beaton, IV
McLain & Merritt, PC
3445 Peachtree Road, NE Suite 500
Atlanta, GA 30326
Attorney for Defendant

Respectfully submitted this 10th day of November, 2020.

**Farah & Farah, P.A.**

BRADLEY S. ROBINSON
Georgia Bar No. 769787
*Counsel for Plaintiff*

11102 Abercorn Street, Unit A
Savannah, GA 31419
T: (912) 999-2075
F: (912) 999-2078
brobinson@farahandfarah.com