IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| TERRY BAKER AND | ) | |
| CALVIN BAKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | 2:20-cv-00082-LGW-BWC |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW Defendant Wal-Mart Stores East, LP ("Defendant" or "Walmart") and files this Reply Brief in Support of Motion for Judgment on the Pleadings.

## INTRODUCTION

Plaintiff Terry Baker ("Ms. Baker") was an employee of Walmart who allegedly suffered a stroke on July 10, 2018, while working at the Walmart store in Brunswick, Georgia. Plaintiffs allege that Ms. Baker was on her lunch break on the Defendant's premises at the time of the stroke, and the stroke and her injuries were exacerbated by other employees' alleged failure to render aid or contact emergency medical services. Plaintiffs assert claims against Defendant for negligence, vicarious liability, negligent training and supervision, and loss of

1

consortium. Defendant moved for judgment on the pleadings for all claims of Plaintiffs under the exclusive remedy doctrine of the Georgia Workers' Compensation Act.

Plaintiffs' claims are barred by the exclusive remedy doctrine if they occurred in the course of her employment and arose out of her employment with Defendant. In Response to Defendant's Motion, Plaintiffs admit Ms. Baker's injuries occurred in the course of her employment, but deny that they arose out of her employment. An action arises out of employment if there is a causal connection between the circumstances under which the employee worked and the resulting injury. *Frett v. State Farm Employee Workers Compensation*, 844 S.E.2d 749, 754 (Ga. 2020). Plaintiffs' Complaint alleges that Ms. Baker's co-workers failure to call emergency services directly caused the exacerbation of her injuries. The claims have a direct causal connection to Ms. Baker's work so as to arise out of her employment and cause them to be barred by the exclusive remedy doctrine. The Court should grant Defendant judgment on the pleadings on all claims of Plaintiffs.

## ARGUMENT AND CITATION OF AUTHORITY

The Georgia Workers Compensation Act "is designed to provide for relief to injured employees, while also protecting employers from excessive recoveries of damages." *Savannah Hospitality Services, LLC v. Scriven*, 350 Ga. App. 195, 197

(2019), *citing*, *DeKalb Collision Center v. Foster*, 254 Ga. App. 477, 483 (2002). The Act should be liberally construed to effectuate its purpose. *Scriven* at 197.

The Act contains an exclusive remedy provision that reads as follows:

"The rights and the remedies granted to an employee by this chapter shall exclude and be in place of all other rights and remedies of such employee, his or her personal representative, parents, dependents, or next of kin, and all other civil liabilities whatsoever at common law or otherwise, on account of such injury, loss of service, or death…"

O.C.G.A. § 34-9-11(a). "[W]here the Act applies, it provides the employee's exclusive remedy against his employer and precludes recovery on a tort claim by an injured employee against his employer." *Scriven* at 197; *citing*, *Teasley v. Freeman*, 305 Ga. App. 1, 2 (2010).

"For a cause of action to be covered by the exclusivity provision, and for an injury to be compensable under the Act, the employee's injury must (a) occur in the course of the employment, and (b) arise out of the employment." *Scriven* at 198; *citing* O.C.G.A. § 34-9-1; *see also*, *Frett v. State Farm Employee Workers Compensation*, 844 S.E.2d 749, 752 (Ga. 2020) (noting that the Act "provides for compensation for injuries that occur in the course of employment and arise out of employment"). The "arising out of" and "in the course of" prongs are the two prerequisites to coverage under the Act and are separate and distinct. *Frett* at 752. <u>Here, Plaintiffs admit that Ms. Baker's injuries and claims occurred in the course</u>

3

of her employment.   The only issue in dispute is whether they arose out of her employment with Walmart.

It is clear from the Complaint that Ms. Baker's alleged injuries and claims arose out of her employment.

> "The 'arising out of' prerequisite deals with causation. An injury arises out of the employment when a reasonable person, after considering the circumstances of the employment, would perceive a causal connection between the conditions under which the employee must work and the resulting injury."

*Frett* at 754.   "[T]here must be some causal connection between the conditions under which the employee worked and the injury which he received. The causative danger must be incidental to the character of the employment, and not independent of the relation of master and servant." *Id*; *quoting*, *Thornton v. Hartford Acc. & Indemnity Company*, 198 Ga. 786, 792-93 (1945).

### a. **Plaintiffs' Complaint is clear that there is a causal connection between Ms. Baker's employment and the injuries allegedly sustained.**

At the outset we must be clear about the injuries for which Plaintiffs sue. Plaintiffs' Complaint does not seek recovery for the occurrence of Ms. Baker's stroke.  Rather, Plaintiffs assert claims for the <u>exacerbation of injuries from her stroke</u> due to the alleged failure of Defendant's employees to contact emergency services.   It is clear there is a "causal connection" between the conditions under

which Ms. Baker worked and her claimed injuries. Ms. Baker's job as a Walmart associate required her to be present at the Store. Her Complaint states that she was present at the Walmart Store because she was working that day. As an employee, she interacted with her co-workers who allegedly noticed she was having a stroke. Plaintiffs allege these employees had a special duty to call 911 since they were Ms. Baker's co-workers. According to the Complaint, her co-workers negligently failed to call emergency services which resulted in her injuries. The exclusive remedy doctrine covers any negligence of co-employees. Had it not been for her job, she would not have had these interactions with Store employees that form the basis of her suit. *McLeod v. Blase*, 290 Ga. App. 337, 338-39 (2008). It is difficult to see how the claims and injuries could be more related to her work. Ms. Baker was present at the Store and interacted with her co-employees because of her employment with Walmart. <u>Plaintiffs should not be allowed to argue now that the exacerbation and injuries from Ms. Baker's stroke is wholly unrelated to her employment and argue later to a jury that her employer and co-employee's negligence caused the exacerbation of and injuries from her stroke</u>. Plaintiffs' Complaint makes clear that the alleged injuries arose out of Ms. Baker's employment.

In Response to Defendant's Motion, Plaintiffs confuse the issue by citing four Georgia cases where the Court of Appeals found that strokes or heart attacks

5

did not arise out of the claimant's employment. *Henry County Board of Education v. Rutledge*, 354 Ga. App. 643 (2020); *Gardner v. Employers Mutual Liability Insurance Co.*, 139 Ga. App. 107 (1976); *H. M. Patterson & Sons v. Glover*, 128 Ga. App. 736 (1973); and *Hansard v. Georgia Power Co.*, 105 Ga. App. 486 (1962). However, in each of these appeals of workers' compensation claims, no evidence was presented that the stroke was <u>caused or exacerbated</u> by the claimant's employment and the Court made clear that this was the deciding factor in the decision. For example, in *Rutledge*, the Court of Appeals was clear that although there was insufficient evidence that the stroke at issue arose out of the claimant's employment, a stroke could be compensable under the Act if the claimant's employment was a "contributing factor" to the stroke. *Rutledge* at 645. In *Gardner*, although the claimant's heart attack occurred at work, the Court of Appeals found no "causal connection" between Plaintiff's work and the heart attack. *Gardner* at 107. In *Glover*, the Court found insufficient evidence that any of the claimant's prior work activity precipitated his stroke. *Glover* at 739. Finally, in *Hansard*, the Court of Appeals found sufficient evidence to support the State Board's finding that the claimant's job did not precipitate her heart attack. *Hansard* at 486.

Each of these cases cited by Plaintiffs actually supports Defendant's position that Plaintiffs' claims are barred by the exclusive remedy doctrine. Here, Plaintiffs'

Complaint goes beyond alleging that her employment was a "contributing factor" to the injuries for which she seeks recovery, it alleges that her employer and co-workers' negligence <u>caused</u> the exacerbation of her stroke and her injuries. Plaintiffs have no choice. In a negligence case, it is axiomatic that Plaintiffs must show that her employer's wrongful conduct <u>caused</u> her harm. Because there is a causal connection between the Ms. Baker's injury and her employment, Ms. Baker's claims fall under the Georgia Workers Compensation Act and her tort claims are barred by the exclusive remedy doctrine.

> **b. Georgia law is clear that the alleged exacerbation of an injury due to failure to provide medical treatment is an injury that arises out of the employee's employment.**

The Georgia Court of Appeals recently made clear that an exacerbation of an injury occurring due to an employer's alleged failure to render medical services is an injury "arising out of" an employment. In *Savannah Hospitality Services, LLC v. Scriven*, 350 Ga. App. 195 (2019), the employee was injured in an automobile accident while driving a vehicle owned by his employer. *Scriven* at 424-25. The employee filed suit against his employer alleging that he was denied medical coverage and medical care and that the delay in medical care exacerbated his injuries. *Id*. The trial court denied the employer's motion to dismiss based upon the exclusive remedy doctrine. *Id*. The Court of Appeals reversed finding the

7

employee's claims for exacerbation of injuries arose out of the employee's employment. *Id* at 424-25. The Court of Appeals noted that "[i]f employment contributes to aggravation of a pre-existing injury, it is an accident under our compensation law, and is compensable, and it is not necessary that there be a specific job-connected incident which aggravates the previous injury." Id at 426. The Court concluded that "the injury arose out of the employment, as there was a causal connection between [the employee's] job and exacerbation of the injury due to [the employer's] alleged denial of access to care." Id.

In their Response, Plaintiffs attempt to distinguish this case from *Screven* by stating that (1) this case does not involve an exacerbation of an injury; and (2) there is no prior compensable injury. (Doc. 14, p. 7-8). The first argument is refuted by Plaintiffs' Complaint, the second is refuted by the language of *Screven* and other Georgia case law. First, Plaintiffs' Complaint makes clear that they are suing Walmart not for causing the stroke itself but for making the effects of the stroke worse [i.e. exacerbating them] by failing to contact emergency services promptly. In the general body of the Complaint, Plaintiffs allege that Ms. Baker suffered a stroke with related weakness, loss of awareness, and twitching in her face (Doc. 1-1, ¶ 6); none of Defendant's employees called 911 (Doc. 1-1, ¶ 7); and that:

> "As a direct result of Defendant's failure to call for emergency medical assistance, Plaintiff suffered traumatic and permanent physical and

psychological injuries, including but not limited to injuries such as severe loss of motor functions and impaired speech. Much of Plaintiff Terry's injuries were due to the lengthy delay treatment [sic] caused by Defendant's and its employee[s] refusal to call 911 emergency services; all of which caused Plaintiff to suffer physical pain and discomfort which will continue into the future."

(Doc. 1-1, ¶ 10). Later, in Count I – Negligence, Plaintiffs allege that Walmart was negligent in failing to call emergency services (Doc. 1-1, ¶ 15) and that this negligence "is the sole proximate cause of the severe exacerbation of Plaintiff's injuries." (Doc. 1-1, ¶ 16). In Count III – Negligent Training and Supervision, Plaintiffs allege that Walmart's negligent training and supervision of its staff "severely exacerbated" Ms. Baker's injuries from the stroke. (Doc. 1-1, ¶ 23). Counts II, IV and V are for vicarious liability, loss of consortium, and damages, respectively, and make no additional factual allegations related to Walmart's alleged negligence. (Doc. 1-1). Nowhere in the Complaint do Plaintiffs allege that Walmart's conduct caused Ms. Baker's stroke.[1] This is clearly a claim for exacerbation of Ms. Baker's injuries and is directly analogous to *Screven*.

Secondly, *Screven's* holding is not limited to cases where the pre-existing injury was also compensable. *Screven* makes clear that when an employer denies medical treatment and it leads "to aggravation of a pre-existing injury, it is an

---

[1] Even if Plaintiffs were permitted to amend their Complaint and claim the stroke itself was caused by Walmart's negligent conduct, that claim too would fall under the exclusive remedy doctrine of the Act. In order to make such a claim, Plaintiffs would necessarily have to allege that some wrongful conduct by Plaintiff Terry Baker's employer or one of its associates caused the stroke. In such a case, Ms. Baker's employment would again be a "contributing factor" to the stroke and as a result the claim would be compensable under the Act. *Rutledge* at 645. Any related tort claim would be barred by the exclusive remedy doctrine. O.C.G.A. § 34-9-11(a).

9

accident under our compensation law, and is compensable" under the Act. *Screven* at 427. The Court went on to state: "Additionally, aggravation of a pre-existing condition is compensable <u>even when the pre-existing condition is not work-related</u>..." *Id* (emphasis added). *See also, Rheem Manufacturing Company v. Butts*, 292 Ga. App. 523 (2008) (holding that a co-employee physician's failure to diagnose employee's cancer constituted a new injury compensable under the Act and that any related tort claims against the employer were barred by the exclusive remedy doctrine).

It matters not whether Ms. Baker's original stroke was compensable under the Act. The alleged failure of Walmart's associates to render aid or contact emergency services constitutes a "new injury" and would be compensable under the Act. Consequently, Plaintiffs' claims are barred under the exclusive remedy provision of the Georgia Workers Compensation Act and should be dismissed. O.C.G.A. § 34-9-11(a).

## **CONCLUSION**

The injuries for which Plaintiffs seek redress occurred in the course of Ms. Baker's employment and arise out of her employment at Walmart. All claims brought by Plaintiffs in this suit are barred by the exclusive remedy doctrine of the Georgia Workers Compensation Act. Defendant's Motion for Judgment on the Pleadings should be granted.

This 8th day of December, 2020.

McLAIN & MERRITT, PC


*/s/ Ernest L. Beaton, IV*
Ernest L. Beaton, IV
GA Bar No. 213044
Attorney for Defendant

3445 Peachtree Road, NE
Suite 500
Atlanta, GA 30326
(404) 266-9171
ebeaton@mmatllaw.com

CERTIFICATE OF SERVICE

This is to certify that on this day I electronically filed DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON PLEADINGS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

This 8th day of December, 2020.

                                                  McLAIN & MERRITT, PC

                                                  */s/ Ernest L. Beaton, IV*
                                                  Ernest L. Beaton, IV
                                                  GA Bar No. 213044
                                                  Attorney for Defendant

3445 Peachtree Road, NE
Suite 500
Atlanta, GA 30326
(404) 266-9171
ebeaton@mmatllaw.com