FILED
John E. Triplett, Acting Clerk
United States District Court

By CAshell at 9:58 am, Jan 05, 2021

# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
TERRY BAKER and CALVIN BAKER,

     Plaintiffs,

     v.                                2:20-cv-82

WAL-MART STORES EAST, LP,

     Defendant.
```

## ORDER

Before the Court is the Motion for Judgment on the Pleadings, dkt. no. 9 (the "Motion"), filed by Defendant Wal-Mart Stores East, LP ("Defendant"). For the reasons stated below, Defendant's Motion is **GRANTED**.

## BACKGROUND

This case arises from a stroke suffered by Plaintiff Terry Baker ("Mrs. Baker") while on a lunch break at Defendant's store located in Brunswick, Georgia. Dkt. No. 1-1 ¶¶ 5, 6. On July 10, 2018, Mrs. Baker was an employee at Brunswick Wal-Mart. Id. ¶ 5. While on the premises during her lunch break, Mrs. Baker suffered a stroke. Id. ¶ 6. Mrs. Baker's manager called Mrs. Baker's husband, Plaintiff Calvin Baker ("Mr. Baker"), who told the manager that he was over two hours away and that the manager needed to

call 911 immediately. Id. None of Defendant's employees called 911 to assist Mrs. Baker. Id. ¶ 7. When Mr. Baker arrived at the store a couple of hours later, Mrs. Baker was incoherent, confused, unresponsive, and disfigured; Mr. Baker immediately took Mrs. Baker to the emergency room. Id. ¶¶ 8-9. Mrs. Baker now suffers permanent physical and psychological injuries, including severe loss of motor functions and impaired speech. Id. ¶ 10. Plaintiffs allege that "[m]uch" of these injuries were caused by Defendant's employees' failure to call 911 emergency services. Id.

Plaintiffs filed suit against Defendant in the Superior Court of Glynn County, Georgia on June 19, 2020, claiming damages for negligence, vicarious liability, negligent training and supervision, and loss of consortium. Dkt. No. 1-1. Defendant, a Delaware citizen, removed the case to this Court on August 7, 2020 based on diversity jurisdiction. Dkt. No. 1. Plaintiffs do not contest jurisdiction. On September 29, 2020, Defendant filed the present Motion for Judgment on the Pleadings in which it argues that Plaintiffs' claims are barred by the exclusive remedy doctrine of the Georgia Worker's Compensation Act (the "Act"). Dkt. No. 9.

## LEGAL STANDARD

In deciding a Rule 12(c) motion for judgment on the pleadings, a Court may consider only the pleadings—in this case, the Complaint and Answer. See Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and

2

the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)). "In determining whether a party is entitled to judgment on the pleadings," the Court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." Id. (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." Id. (citing Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956)).

## DISCUSSION

The Georgia Worker's Compensation Act (the "Act") provides the exclusive remedy for injured employees who are covered by the Act. O.C.G.A. § 34-9-11(a). For an injury to be covered by the Act, two independent prerequisites must be satisfied: the employee's injury must (a) occur in the course of employment and (b) arise out of the employment. Id. § 34-9-1; Mayor & Aldermen of Savannah v. Stevens, 598 S.E.2d 456, 457 (Ga. 2004) ("The test [for compensation under the Act] presents two independent and distinct criteria, and an injury is not compensable unless it satisfies both."). The parties agree that the first prerequisite is satisfied here: Mrs. Baker's injury occurred in the course of

3

her employment at Wal-Mart.  See Dkt. No. 9-1 at 7; Dkt. No. 14 at 4.  The Court likewise finds that Mrs. Baker was, in fact, injured in the course of her employment.  See Frett v. State Farm Employee Workers' Comp., 844 S.E.2d 749 (Ga. 2020) (holding that activity on a lunch break is not beyond the scope of employment for the purposes of the Act).  However, the parties dispute whether the second prerequisite is satisfied.

Plaintiffs argue that Mrs. Baker's injury did not arise out of her employment because this case involves neither "exacerbation of a prior injury" nor a "prior compensable injury."  Dkt. No. 14 at 8.  Plaintiffs point out that a stroke does not qualify as an injury under the Act unless a preponderance of evidence shows that the stroke was attributable to the employee's performance of her work.  Id. at 5 (citing O.C.G.A. § 34-9-1(4)).  Plaintiffs contend that Mrs. Baker's stroke did not arise out of the performance of her work; instead, it was an "idiopathic injury which happened instantly, naturally and unavoidably while on her lunch break."  Id. at 7.

Defendant argues that the "arising out of employment" prong is satisfied here because the injuries which Plaintiffs allege— the exacerbation of Mrs. Baker's stroke injuries—are causally connected to Mrs. Baker's employment.  Dkt. No. 9-1 at 13.  Defendant emphasizes the fact that Plaintiffs do not seek recovery for the *occurrence* of the stroke; instead, they seek recovery for

4

the *exacerbation of the stroke's injuries* due to Defendant's employees' failure to contact emergency services. Dkt. No. 21 at 4. Defendant contends that Plaintiffs should not be allowed to argue now that the exacerbation and injuries do *not* arise from her employment, but then later argue to a jury that her employer's and co-employees' negligence *caused* this exacerbation and these injuries. Id. at 5. Plaintiffs argue that recovery for exacerbation of prior injury cases are only compensable under the Act when the pre-existing injury was *also* compensable. Id. at 9–10. Defendant argues in opposition that it does not matter whether the stroke itself was compensable, because the failure to render aid constitutes a new injury for purposes of the Act.

The Court agrees with Defendant: Plaintiffs seek recovery for Defendant's employees' exacerbation of her stroke injuries, and the stroke itself need not be compensable for the exacerbation to be covered by the Act. For example, when the parties in Savannah Hospital Services, LLC v. Scriven disputed whether the underlying injury was compensable, the Georgia Court of Appeals said:

> Here, the parties dispute whether Scriven was acting in the scope of his employment at the time he was injured in the auto accident. But *the relevant inquiry for purposes of our analysis does not concern the injuries sustained in the auto accident*; instead, the relevant event is the aggravation of those injuries by the employer's alleged negligence in "fail[ing] to provide access to medical insurance coverage when requested."

5

828 S.E.2d 423, 426 (Ga. Ct. App. 2019) (emphasis added). Here, too, the relevant inquiry for our analysis does not concern the injuries from the stroke itself but instead the *aggravation* of the stroke's injuries by Defendant's employees' alleged negligence. See Dkt. No. 1-1 at 4 (Plaintiffs' alleging that "[m]uch of [Mrs. Baker]'s injuries were . . . due to the lengthy delay [in] treatment caused by Defendant's and its employee(s) [sic] refusal to call 911 emergency services"). Defendant's employees' alleged failure to call for or provide medical assistance constitutes a separate injury; even if it exacerbated a non-compensable injury, the only injury that must "arise out of" Mrs. Baker's employment is the exacerbation itself. See Rheem Mfg. Co. v. Butts, 664 S.E.2d 878, 879 (Ga. Ct. App. 2008) (granting summary judgment for employer based on exclusive remedy provision where, although employee's "cancer was not an occupational disease and it *did not arise out of his employment*, he was injured when [employer's] doctors negligently failed to diagnose his pre-existing condition" (emphasis added)). Based on the pleadings, Mrs. Baker's relevant injury occurred in the course of and arose out of her employment with Defendant. The Georgia Worker's Compensation Act therefore covers her injury and precludes recovery here.

Plaintiffs additionally contend that Defendant's Motion should be denied because the existing case law at the time of the incident prevented worker's compensation claims for injuries

6

during an employee's lunch break. Dkt. No. 14 at 8. They argue that the Georgia Supreme Court did not decide that an employee's on-premises lunch break occurs in the course of employment until June 2020, which was outside of the window for Plaintiffs to file for worker's compensation. Id. at 9. Plaintiffs argue that leaving them without remedy in this case would be "manifest injustice." Id. However, Plaintiffs do not cite any case law, statute, or legal doctrine to support their argument in this respect. Plaintiffs' argument in this regard does not constitute an exception to the Act's exclusive remedy provision.

## CONCLUSION

For the above reasons, Defendant's Motion for Judgment on the Pleadings, dkt. no. 9, is **GRANTED**. The Clerk is **DIRECTED** to enter judgment for Defendant and close this case.

**SO ORDERED**, this 5th day of January, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA