# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| TERRY BAKER and CALVIN BAKER, | |
|     Plaintiffs, | |
| v. | CV 220-082 |
| WAL-MART STORES EAST, LP, | |
|     Defendant. | |

**ORDER**

Before the Court is Plaintiffs Terry and Calvin Baker's motion for relief from judgment, filed pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). Dkt. No. 36. Plaintiffs seek relief from the Court's Order dismissing their complaint against Defendant Wal-Mart Stores East, LP ("Walmart"). Id. at 1. Defendant has filed a brief in opposition, dkt. no. 39, and the motion is ripe for review.

**BACKGROUND**

This case arises from a stroke suffered by Plaintiff Terry Baker ("Mrs. Baker") while on a lunch break at Defendant's store located in Brunswick, Georgia. Dkt. No. 1-1 ¶¶ 5, 6. On July 10, 2018, Mrs. Baker was an employee at Walmart in Brunswick, Georgia. Id. ¶ 5. While on the premises during her lunch break, Mrs. Baker suffered a stroke. Id. ¶ 6. Mrs. Baker's manager

called Mrs. Baker's husband, Plaintiff Calvin Baker ("Mr. Baker"), who told the manager that he was over two hours away and that the manager needed to call 911 immediately. Id. None of Defendant's employees called 911 to assist Mrs. Baker. Id. ¶ 7. When Mr. Baker arrived at the store a couple of hours later, Mrs. Baker was incoherent, confused, unresponsive, and disfigured; Mr. Baker immediately took Mrs. Baker to the emergency room. Id. ¶¶ 8-9. Mrs. Baker now suffers permanent physical and psychological injuries, including severe loss of motor functions and impaired speech. Id. ¶ 10. Plaintiffs allege that "[m]uch" of these injuries were caused by Defendant's employees' failure to call 911 emergency services. Id.

Plaintiffs filed suit against Defendant in the Superior Court of Glynn County, Georgia on June 19, 2020, claiming damages for negligence, vicarious liability, negligent training and supervision, and loss of consortium. Dkt. No. 1-1. Defendant, a Delaware citizen, removed the case to this Court on August 7, 2020 based on diversity jurisdiction. Dkt. No. 1.

On September 29, 2020, Defendant filed a motion for judgment on the pleadings in which it argued that Plaintiffs' claims are barred by the exclusive remedy doctrine of the Georgia Worker's Compensation Act (the "Act"). Dkt. No. 9.

The Act provides the exclusive remedy for injured employees who are covered by the Act. O.C.G.A. § 34-9-11(a). For an injury

to be covered by the Act, two independent prerequisites must be satisfied: the employee's injury must (a) occur in the course of employment and (b) arise out of the employment. Id. § 34-9-1; Mayor & Aldermen of Savannah v. Stevens, 598 S.E.2d 456, 457 (Ga. 2004) ("The test [for compensation under the Act] presents two independent and distinct criteria, and an injury is not compensable unless it satisfies both."). The parties agreed that the first prerequisite is satisfied: Mrs. Baker's injury occurred in the course of her employment at Walmart. See Dkt. No. 9-1 at 7; Dkt. No. 14 at 4; see also Dkt. No. 26 at 3. The Court likewise found that Mrs. Baker was, in fact, injured in the course of her employment. Dkt. No. 23 at 4 (citing Frett v. State Farm Employee Workers' Comp., 844 S.E.2d 749 (Ga. 2020) (holding that activity on a lunch break is not beyond the scope of employment for purposes of the Act)). However, the parties disputed whether the second prerequisite is satisfied.

Plaintiffs argued that Mrs. Baker's injury did not arise out of her employment because this case involves neither "exacerbation of a prior injury" nor a "prior compensable injury." Dkt. No. 14 at 8. Defendant argued that the "arising out of employment" prong is satisfied here because the injuries which Plaintiffs allege—the exacerbation of Mrs. Baker's stroke injuries—are causally connected to Mrs. Baker's employment. Dkt. No. 9-1 at 13. Defendant emphasized that Plaintiffs do not seek

3

recovery for the occurrence of the stroke; instead, they seek recovery for the exacerbation of the stroke's injuries due to Defendant's employees' failure to contact emergency services. Dkt. No. 21 at 4.

In its Order granting Defendant's motion for judgment on the pleadings, the Court found that Plaintiffs were seeking recovery for Defendant's employees' exacerbation of her stroke injuries, and the stroke itself need not be compensable for the exacerbation to be covered by the Act. Dkt. No. 23 at 5. Additionally, the Court addressed Plaintiff's argument that Defendant's motion should be denied because the existing case law at the time of the incident prevented worker's compensation for injuries during an employee's lunch break. Id. at 6-7 (citing Dkt. No. 14 at 8). In the conclusion of their response brief, Plaintiffs argued that the Georgia Supreme Court did not decide that an employee's on-premises lunch break occurs in the course of employment until June 2020, which was outside the window for Plaintiffs to file for worker's compensation. Dkt. No. 14 at 9. Plaintiffs argued that leaving them without a remedy in this case would be "manifest injustice." Id. However, Plaintiffs did not "cite any case law, statute, or legal doctrine to support their argument." Dkt. No. 23 at 7. The Court concluded Plaintiffs' argument did "not constitute an exception to the Act's exclusive remedy provision." Id.

4

Judgment was entered in favor of Defendant on January 5, 2021, dkt. no. 24, and Plaintiffs filed a notice of appeal on February 5, 2021, dkt. no. 27. The appeal was ultimately dismissed as untimely. See Dkt. No. 34. Then, on December 27, 2021, Plaintiffs filed the instant motion for relief from judgment pursuant to Rule 60(b)(1) and (6). Dkt. No. 36. Plaintiffs assert, "[d]espite [Plaintiffs'] arguing that manifest injustice would result from the application of Frett to their case, the question of Frett's retroactivity under Georgia law . . . was never directly determined." Id. at 1. The Court will address Plaintiffs' argument under Rules 60(b)(1) and (6).

**LEGAL AUTHORITY**

Federal Rule of Civil Procedure 60 provides, in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > . . . .
> >
> > (6) any other reason that justifies relief.

"Federal Rule of Civil Procedure 60(b)(1) allows a party to seek relief from a final judgment based on, among other things, a 'mistake.'" Kemp v. United States, 142 S. Ct. 1856 (2022).

5

The Supreme Court recently concluded "that a judge's errors of law are indeed 'mistake[s]' under Rule 60(b)(1)." Id.

"Rule 60(b)(6) provides a catch-all, authorizing a court to grant relief from a judgment for 'any other reason that justifies relief.'" Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (quoting Fed. R. Civ. P. 60(b)(6)).  To prevail under Rule 60(b)(6), however, a party "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Id. (internal quotations and citations omitted); see also Doe v. Drummond Co., 782 F.3d 576, 612 (11th Cir. 2015) ("To warrant relief under Rule 60(b)(6), not only must Plaintiffs show 'sufficiently extraordinary' circumstances, but also 'that absent such relief, an extreme and unexpected hardship will result.'" (quoting Galbert v. W. Caribbean Airways, 715 F.3d 1290, 1294-95 (11th Cir. 2013))); United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993) ("Although the timeliness of a Rule 60(b)(6) motion depends on the facts of each case, relief may not be had where the party seeking reconsideration has ignored normal legal recourses . . . .  Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests.").

**DISCUSSION**[1]

### I. Rule 60(b)(1) Motion

Plaintiffs argue that "Rule 60(b)(1) allows the Court to correct errors [or] mistakes in the application of law, and . . . the Court's prior determination that [Plaintiffs'] 'manifest injustice' argument 'does not constitute an exception to the Act's exclusive remedy provision' constitutes such a mistake." Dkt. No. 36 at 1 (citing Dkt. No. 23 at 7).

A "mistake" under Rule 60(b)(1) "encompasses mistakes in the application of the law," and, therefore, a judicial mistake may be the basis for relief under Rule 60(b)(1). Parks v. U.S. Life & Credit Corp., 677 F.2d 838, 839-40 (11th Cir. 1982) (citing Oliver v. Home Indem. Co., 470 F.2d 329, 331 (5th Cir. 1972); Meadows v. Cohen, 409 F.2d 750, 752 n.4 (5th Cir. 1969)).

#### A. Citation to Legal Authority

While Plaintiffs assert the Court made a mistake of law, the Court made no such error.

---

[1] "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c). Here, Plaintiffs waited just nine days short of one year after the Court entered judgment in favor of Defendant before filing their Rule 60(b) motion. Because Plaintiffs have stated no reason for their lengthy delay, the Court is dubious whether Plaintiffs' motion is timely under Rule 60(c). Armstrong v. The Cadle Co., 239 F.R.D. 688, 692 (S.D. Fla. 2007) (citing White v. Am. Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990)); id. (citing Lairsey v. Advance Abrasives Co., 542 F.2d 928, 930 (5th Cir. 1976)). The Court need not address this issue, however, because even if the motion is timely, it must still be denied.

7

When it comes to motions practice in this district, every filing "shall cite to supporting legal authorities." S.D. Ga. L.R. 7.1. Courts routinely do not address arguments when a party fails to cite legal authority. See, e.g., Miller v. United States, No. 03-11833, 2004 WL 1206955, at *2 (11th Cir. Apr. 28, 2004) (holding the district court did not err by denying plaintiffs' motion because they "cited no authority" to support their claim); D'Aguanno v. Gallagher, 50 F.3d 877, 880 (11th Cir. 1995) (finding the district court "properly concluded" defendants were entitled to qualified immunity where plaintiffs cited no authority regarding a person's right to privacy).

"For an issue to be adequately raised . . . , it must be plainly and prominently raised and must be supported by arguments and citations to the record and to relevant authority." Whitten v. Soc. Sec. Admin., Comm'r, 778 F. App'x 791, 793 (11th Cir. 2019) (citing Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("A party fails to adequately 'brief' a claim when he does not 'plainly and prominently' raise it, 'for instance by devoting a discrete section of his argument to those claims.'")); see also Cont'l Tech. Servs., Inc. v. Rockwell Int'l Corp., 927 F.2d 1198, 1199 (11th Cir. 1991) (noting that an "issue raised perfunctorily without citation to authority constitutes waiver of [the] issue"); Kelliher v. Veneman, 313 F.3d 1270, 1274 n.3 (11th Cir.

2002) (holding that mentioning a claim in the summary of the argument section is not enough to raise the issue for appeal and that the claim is deemed abandoned).

Here, as the Court pointed out in its Order, Plaintiffs asserted their "manifest injustice" argument without any citation to case law, statute, or other legal doctrine. Dkt. No. 23 at 7 (citing Dkt. No. 14 at 8-9); see also Dkt. No. 26 at 17-18 (oral argument). Additionally, their argument is contained only in the conclusion portion of their response brief. See Dkt. No. 14 at 8-9. Plaintiffs' passing reference to manifest injustice is not sufficient to raise the issue of Frett's retroactivity under Georgia law. See Sapuppo, 739 F.3d at 681. Moreover, while the Court did acknowledge the argument, it did not conduct an analysis of same due to Plaintiffs' failure to support their argument with a citation to any legal authority. See Dkt. No. 23 at 7. As such, the Court concludes it made no mistake by not analyzing Frett's retroactivity and concluding Plaintiffs did not sufficiently show an exception to the Act's exclusive remedy provision. Thus, the Rule 60(b)(1) motion must be **DENIED**.

### B. Frett's Retroactivity

#### 1. Frett on the Merits

Even if the Court were to reach the merits of Plaintiffs' argument, their motion would still be denied.

9

Plaintiffs assert, despite their "arguing that manifest injustice would result from the application of Frett to their case, the question of Frett's retroactivity under Georgia law . . . was never directly determined." Dkt. No. 36 at 1. They ask the Court to address the issue now. However, nowhere in their response to Defendant's motion for judgment on the pleadings do Plaintiffs ask the Court to conduct such an analysis. In their instant motion, Plaintiffs concede they never argued Frett should not be applied retroactively. Id. at 8. Their argument that the Court made a mistake in applying Frett is, therefore, puzzling. Nevertheless, the Court will now address Plaintiffs' argument regarding Frett's application to their case.

In Frett, the plaintiff was injured when she slipped and fell at her place of employment during a scheduled lunch break. 844 S.E.2d at 750. She filed a claim for benefits under the Act, but the State Board of Workers' Compensation denied her claim. Id. When the case got to the Georgia Court of Appeals, the court held that the plaintiff's injury was not compensable under the Act because the injury did not "arise out of" her employment. Id. at 751. The court did not address the "in the course of" prerequisite. Id. at 752.

The Georgia Supreme Court reversed. Applying principles taken from Georgia cases issued as early as 1945, the court

10

concluded that the plaintiff had "sustained an injury 'in the course of' her employment," because "she was injured on the premises of her employer, in the middle of her workday, while preparing to eat lunch. This activity, being reasonably necessary to sustain her comfort at work, was incidental to her employment and is not beyond the scope of compensability under the Act." Id. at 753; see also id. at 752-53 (discussing "in the course of" principles from various cases). The Court stated it "ha[d] no trouble concluding, as did the Board, that [the plaintiff] was injured 'in the course of' her employment," and that it was "not . . . a close case" on that issue. Id. at 754.

The Frett court then moved on to the "arising out of" prong. Id. at 754. It stated, "In this case, consideration of the 'arising out of' prerequisite should be straightforward. It is undisputed that [the plaintiff] was injured when she slipped and fell on the wet floor of the breakroom on her employer's premises. It logically follows that her injury was causally connected to the conditions under which she worked, and her injury, therefore, 'arose out of' her employment." Id. at 755.

In reaching that conclusion, the Court acknowledged that its "arising out of" determination seemed to conflict with Ocean Acc. & Guar. Corp. v. Farr, 178 S.E. 728 (Ga. 1935). In Farr, "the claimant—a steam-fitter and plumber—was injured when he tripped and fell while walking down stairs to a boiler room,

11

where he intended to eat his lunch. The injury occurred on a job site—the claimant was assigned to work in the boiler room—during a 30-minute lunch break." Frett, 844 S.E.2d at 755. The Farr court "first assumed that [the injury] occurred 'in the course of' . . . employment," but then reasoned that because "the injury 'arose after he had "knocked off" from his work, and while he was preparing to eat his lunch,'" "the injury . . . did not 'arise out of' employment[; . . . instead,] it occurred at a time when the employee had left his work duties and was engaged in an 'individual pursuit.'" Frett, 844 S.E.2d at 756 (citing Farr, 178 S.E. 728). The Frett court noted that Farr's reasoning "impermissibly conflated the 'in the course of' and 'arising out of' prerequisites to compensability." Id. It explained, "whether a worker is performing an employment-related activity at the time of the injury is a question that belongs squarely to the 'in the course of' prerequisite." Id. "The 'arising out of' prerequisite, on the other hand, deals with *causation*—whether there is a 'causal connection' between the employment and the injury." Id. (citation omitted). "Farr said nothing at all about causation when it analyzed the 'arising out of' prong, focusing instead on the fact that the worker had 'knocked off' from work and was free to do as he pleased." Id. (citing Farr, 178 S.E. 728).

The Frett court overruled its decision in Farr, acknowledging that, after the Farr decision was issued, "the law concerning injuries occurring during rest breaks or lunch breaks became confusing at best, if not altogether incoherent," id. at 761, and that its reasoning was "unsound" and "completely untethered from the analytical framework consistently employed by [the Georgia Supreme] Court in workers' compensation cases for nearly a century," id. at 756.

With that working knowledge of Frett (and Farr), the Court moves on to Plaintiffs' argument here. Plaintiffs expressly "seek relief particularly on the basis of the improper retroactive application of Frett to this matter and its impact on the '*course of employment*' element of the Court's analysis." Dkt. No. 36 at 2 n.1 (emphasis added). Plaintiffs' argument misses the mark, however.

While Frett did indeed clarify the compensability of injuries which occur during a lunch break (like Mrs. Baker's injury in this case), it did so by overruling Farr's unsound examination of the "arising out of" prong, not the "course of employment" prong. See Frett, 844 S.E.2d at 756. Indeed, Farr did not even analyze the "course of employment" prong. See id. ("The Farr court was prepared to accept that the employee's injury occurred in the course of his employment. This makes sense because the employee was getting ready to eat lunch—an

13

activity that we subsequently indicated generally is incidental to employment. Next, the Farr court should have asked [with regard to the "arise out of" prong] whether there was 'a causal connection between the conditions under which the work [was] required to be performed and the resulting injury.'" (citations omitted)). In other words, no "course of employment" precedent changed after Frett. Id. at 755 ("[A] determination that [the plaintiff's] injury—sustained during her scheduled lunch break— *arose out of her employment* would seem to conflict with Farr." (emphasis added)). Mrs. Baker's injury would have been within the course of her employment both before and after Frett.

Moreover, the Court's one citation to Frett in its Order granting Defendant's motion for judgment on the pleadings did not rely on any "new" or "clarified" law to find that Mrs. Baker "was, in fact, injured in the course of her employment." Dkt. No. 23 at 4 (citing Frett, 844 S.E.2d at 753 (holding that activity on a lunch break is not beyond the scope of employment for purposes of the Act)). Indeed, the Frett court found that the plaintiff's injury there (similar to Mrs. Baker's injury here) was not "a close case" with regard to the "course of employment" prong. Frett, 844 S.E.2d at 754. It reached that conclusion by applying case law from as removed as 1945 through as recent as 2004, not *new* law, as Plaintiffs appear to argue. Id. at 752-53 ("Applying these principles to this case, we

14

conclude that [the plaintiff] sustained an injury 'in the course of' her employment. It is undisputed that she was injured on the premises of her employer, in the middle of her workday, while preparing to eat lunch. This activity, being reasonably necessary to sustain her comfort at work, was incidental to her employment and is *not beyond the scope* of compensability under the Act." (emphasis added)). Therefore, the Court made no error in finding Mrs. Baker was in the course of her employment at the time she was injured.

### 2. Plaintiffs' Waiver of the Issue

Finally, even if the Court's citation to Frett were to have been in error, Plaintiffs have waived the issue.

"[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" Wood v. Milyard, 566 U.S. 463, 474 (2012) (quoting Kontrick v. Ryan, 540 U.S. 443, 458 n.13 (2004)). When a party makes a decision to not contest an issue, and that decision does not stem from an "inadvertent error," that party has waived the issue. Id. (holding that a party waived a timeliness issue when it stated it "will not challenge, but [is] not conceding" it); see also id. (concluding that the party "deliberately steered the [court] away from the [timeliness] question and toward the merits"). The Eleventh Circuit has accepted, and subsequently enforced, a party's concession on a legal issue. See Belize Telecom, Ltd. v. Gov't of Belize, 528

15

F.3d 1298, 1309 n.13 (11th Cir. 2008) ("Having conceded that the forum selection clause [in two agreements] represented a waiver of sovereign immunity in regard to the terms of [those] agreement[s], the Government cannot attempt to prevent the waiver from extending to [other] claims clearly contemplated by the forum selection clause."). As such, courts in this circuit routinely accept a party's concession on an issue and focus their analysis elsewhere. See, e.g., Criswell v. Mobile Hous. Bd., No. CV 14-00447-KD-N, 2016 WL 742112, at *7 (S.D. Ala. Feb. 24, 2016); Tillis v. Loar, No. 13-14160-CIV, 2014 WL 11428819, at *3 (S.D. Fla. Jan. 17, 2014), aff'd sub nom. Tillis v. Sheriff of Indian River Cnty., 603 F. App'x 851 (11th Cir. 2015); Flores v. Nuvoc, Inc., 610 F. Supp. 2d 1349, 1351 (S.D. Fla. 2008), aff'd sub nom. Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217 (11th Cir. 2010); Ward v. Lockheed Martin Corp., No. 805CV1878T17TGW, 2006 WL 889729, at *3 (M.D. Fla. Mar. 31, 2006); Kelly v. Hawkins, No. 05-23375-CIV, 2006 WL 8433494, at *1 (S.D. Fla. Mar. 1, 2006); Kobold v. Aetna U.S. Healthcare, Inc., 258 F. Supp. 2d 1317, 1321 (M.D. Fla. 2003).

In their motion for relief from judgment, Plaintiffs expressly "seek relief particularly on the basis of the improper retroactive application of Frett to this matter and its impact on the '*course of employment*' element of the Court's analysis." Dkt. No. 36 at 2 n.1 (emphasis added). However, Plaintiffs


*conceded* in their response to Defendant's motion for judgment on the pleadings that Mrs. Baker's injuries occurred during the course of employment. Dkt. No. 14 at 4 ("[W]e concede that the injury occurred in the scope of her employment, but the injury did not arise out of her employment with Defendant."); see also Dkt. No. 23 at 3-4 ("The parties agree that the first prerequisite is satisfied here: Mrs. Baker's injury occurred in the course of her employment at Wal-Mart."). Thus, Plaintiffs intentionally relinquished their right to argue that Mrs. Baker had not been injured in the course of her employment. Wood, 566 U.S. at 474. With their concession, Plaintiffs "steered [the court] away from" the first prerequisite for coverage under the Act and "towards" the second prerequisite, i.e. the "arising out of" prong. Therefore, Plaintiffs cannot now attempt to prevent their concession—that Mrs. Baker was in the course of her employment when injured—from being accepted and enforced. See Belize Telecom, 528 F.3d at 1309 n.13. Accordingly, Plaintiffs' motion for relief from judgment pursuant to Rule 60(b)(1) is **DENIED**.

**II. Rule 60(b)(6) Motion**

Plaintiffs argue "the lack of consideration of Frett's retroactivity . . . considered with the other circumstances in this case create extraordinary, exceptional circumstances that justify relief under (b)(6)." Dkt. No. 36 at 7.

17

### A. Mutual Exclusivity

As Plaintiffs acknowledge in their motion, "Rule 60(b)(1) and (b)(6) are mutually exclusive: 'a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1).'" Kemp v. United States, No. 20-10958, 2021 WL 2102860, at *2 (11th Cir. May 25, 2021) (quoting Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993)), aff'd, 142 S. Ct. 1856 (2022). Here, Plaintiffs' Rule 60(b)(6) argument conflates with their 60(b)(1) argument. See generally Dkt. No. 36. As such, the Court cannot grant relief, and Plaintiffs' Rule 60(b)(6) must be **DENIED**.

### CONCLUSION

Plaintiffs' motion for relief from judgment, dkt. no. 36, is **DENIED**. This case remains closed.

**SO ORDERED**, this 4th day of August, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA